## TOWN OF PLYMOUTH v. TOWN OF READING.

### *Pauper.   Evidence.*

An order of removal was made in 1877.    Plea, that the pauper was not likely to be-
come chargeable.    Plaintiff was permitted to show that in 1870, it rendered aid to
the pauper to the amount of four or five dollars.    *Held*, that the fact that the pau-
per received such aid in 1870, had no tendency to prove that she was likely to be-
come chargeable in 1877 ; and that the admission of the evidence was error.

Plaintiff was also permitted to show that the pauper had the reputation of being un-
chaste and thievish ; and gave evidence tending to show that by reason thereof she
was unable to get employment.    *Held*, that although such evidence of reputation
might not be admissible by itself, it was admissible in connection with evidence that
she was thereby rendered unable to get employment.

APPEAL from an order of removal of one Elmira Pierce from the town of Plymouth to the town of Reading, made on April 4, 1877. Pleas, that the pauper had not come to reside, and that she was not likely to become chargeable. Trial by jury, December Term, 1876, BARRETT, J., presiding.

It was conceded that the pauper had come to reside in Plymouth, and the only question made was as to whether she was likely to become chargeable to that town. The plaintiff, after giving evidence tending to show that the pauper was indolent, simple, poor and incompetent to perform the ordinary labor of housekeeping, and had been in part supported by her mother, offered to show by one Slack, overseer of the poor of Plymouth in 1870, and by the report of the auditors of that town for 1870–1, that Plymouth aided the pauper in 1870, by money and otherwise, to the amount of four or five dollars. To the admission of this evidence defendant objected; but it was admitted; to which defendant excepted. The plaintiff offered evidence tending to show that the pauper had the reputation of being unchaste and thievish, and claimed, and gave evidence tending to show, that by reason thereof she was unable to get employment. To the admission of the evidence tending to show unchastity and thievishness, defendant objected; but it was admitted; to which defendant excepted. There was evidence on both sides on the question of what the pauper had done towards supporting herself for several years before the order of removal. Verdict, that at the time of the order, the pauper was likely to become chargeable to Plymouth.

*Gilbert A. Davis*, for the defendant.

A person is not liable to be removed unless at the time the order is made there is a prospect or strong probability, arising from circumstances then existing, that he or his family will soon become chargeable to the town. *Londonderry* v. *Acton*, 3 Vt. 122, 129; *Pomfret* v. *Barnard*, 44 Vt. 527.

It was therefore error to admit evidence that the pauper received aid in April, 1870. *Per* REDFIELD, J., in *Danville* v. *Wheelock*, 47 Vt. 57; *Chelsea* v. *Brookfield*, 27 Vt. 587; *Hartford* v. *Hartland*, 19 Vt. 392.

The report of the auditors was erroneously admitted.  *Cabot* v. *Walden*, 46 Vt. 11 ; 1 Phil. Ev. 448, 449.

It was erroneous to admit the testimony as to the pauper's reputation for chastity, &c.

*W. E. Johnson*, for the plaintiff.

Evidence of whatever had any tendency to render the pauper unable to support herself was admissible, to show that she was likely to become chargeable.  The evidence as to the aid furnished in 1870 was also admissible.

The opinion of the court was delivered by

PIERPOINT, C. J.   The only question litigated in the County Court was, whether Elmira Pierce, the alleged pauper, at the time the order of removal was made, was likely to become chargeable to the  town of Plymouth as a  pauper.   To establish this point, the town of Plymouth offered evidence tending to show that in 1870, said town had aided the said Elmira as a pauper to the extent of four or five dollars.   This evidence was objected to but admitted.   It is now insisted that the court erred in admitting the evidence.   The  order of  removal  was  made  in  April, 1877. There is  nothing  in the  case to show that said Elmira had not supported herself from 1870 to 1877.   Does the fact that she received the  slight aid from  the town in 1870, tend to show that she was likely to become chargable to the town seven years afterwards ?    We think not.   The fact is too remote.   So much time had elapsed that no such inference can  fairly be  drawn.   She might have been destitute then and  wealthy now ;  or, wealthy then and a pauper now.   There is a material change in the pecuniary  condition (for better or  worse) of almost  every person within a period of seven years.   Such changes are too common to make the condition of a person at the one period proof of such person's condition at the other.   The evidence offered we think was inadmissible, and should have been excluded.   This disposes of the question as to the  admissibility of the  extract from  the auditors' account and the book containing it.

The admission of the evidence as to the reputation of the said Elmira for chastity and honesty, if standing by itself, might not be admissible ; but when accompanied by evidence that by reason of that reputation she was unable to get employment, so as to diminish her capacity to support herself, and thereby increase the probability of her becoming a charge upon the town, it was admissible.

Judgment reversed, and cause remanded.